IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Ronald Jerome Flowers, Jr., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Carolyn W. Colvin, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 0:14-4869-TMC-PJG <br><br> **ORDER** |

Plaintiff Ronald Jerome Flowers, Jr. ("Flowers"), brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for disability insurance benefits ("DIB") under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 19).[1] The magistrate judge recommends affirming the Commissioner's decision denying benefits. Flowers timely filed objections (ECF No. 20), and the Commissioner filed a reply to those objections. (ECF No. 23).

## I. Background

Flowers filed an application for DIB on January 19, 2012, alleging a disability due to above-the-knee left leg amputation and speech problems, with an onset date of September 23, 2009. His application was denied initially and on reconsideration. Flowers requested review by

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

an administrative law judge ("ALJ"), and a hearing was held before an ALJ on September 19, 2013. On October 16, 2013, the ALJ found that Flowers suffered from the following severe impairments: left above-the-knee amputation, adjustment disorder, and borderline intellectual functioning. Despite these impairments, the ALJ found that Flowers has the residual functional capacity to perform sedentary work with the following limitations: no left lower extremity foot controls, avoiding all exposure to workplace hazards, and he is limited to simple routine repetitive tasks with occasional exposure to the general public and co-workers. Furthermore, the ALJ found that Flowers is unable to perform any past relevant work, but that there are a number of jobs that exist in the national economy that Flowers can perform, such as assembly worker, inspector, and document preparer. Accordingly, the ALJ denied Flowers' claims, finding him not disabled under the SSA from the alleged onset date up until the ALJ's decision on October 16, 2013.

Flowers sought review of the ALJ's decision by the Appeals Council, but on November 19, 2014, the Appeals Council declined to review the ALJ's decision. This action followed.

On February 19, 2016, the magistrate judge filed her Report recommending that the Commissioner's decision be affirmed. In her Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard

precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Analysis

Flowers filed an objection to the Report arguing that the magistrate judge erred by finding that substantial evidence supports the ALJ's determination that Flowers failed to establish deficits in adaptive functioning as required for Listing 12.05C.

Throughout his objection, Flowers argues that the ALJ should have weighed the evidence differently and concluded that Flowers met the requirements for Listing 12.05. In order to meet the diagnostic definition of intellectual disability in Listing 12.05, the claimant must have "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." Listing 12.05 also requires the satisfaction of one of four additional requirements identified as A–D. At issue in this case is Requirement C, which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental

3

impairment imposing an additional and significant work related limitation of function . . .". 20 C.F.R. Pt. 404, Subpart P, App. 1, Listing 12.05.

Neither party disputes that Flowers met the requisite IQ, as well as a "physical or mental impairment imposing an additional and significant work-related limitation of function." (ECF No. 20 at 2). However, Flowers argues that the ALJ erred by concluding that Flowers failed to prove that he has "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested" before the age of 22. (*Id.* at 2–3).

The magistrate judge found that the ALJ properly concluded, based on a range of appropriate factors, that Flowers did not have the requisite deficits in adaptive functioning to meet the listing requirements. For example, the ALJ considered that Flowers has a history of skilled and semi-skilled work, was able to graduate from high school with a certificate, has a driver's license, prepares his own meals (by using a microwave), manages his own finances, cares for his own personal hygiene independently, can count money, maintains a bank account, watches and plays games on the television, goes to the movies and the park, and visits with family and friends. (ECF 10-2 at 21). The fact that Flowers can point to other evidence that supports his position does not render the ALJ's decision unsupported. *See Hancock v. Astrue*, 667 F.3d 470, 478 (4th Cir. 2012) ("We must sustain the ALJ's decision, even if we disagree with it, provided the determination is supported by substantial evidence . . .")).

Moreover, Flowers argued before the magistrate, and again in his objection, that the ALJ improperly weighed and considered his work history, daily living activities, and educational history when denying disability benefits. (ECF No. 20 at 4–6). Rehashing arguments raised to the magistrate judge does not comply with the requirement to file specific objections, and therefore, the court will review this portion of the Report for clear error. *See Nichols v. Colvin*,

No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015). The Report clearly identified that under Fourth Circuit precedent, while consideration of work history cannot preclude benefits where the Listing 12.05C criteria is otherwise met, it can be relevant in determining whether a claimant manifested deficits in adaptive functioning prior to age 22. *See Hancock v. Astrue*, 667 F.3d 470, 475–76 (4th Cir. 2012); (ECF No. 19 at 11). Furthermore, the Report correctly explained that consideration of school records and past academic performance are important indicators of deficits in adaptive functioning prior to age 22,[1] as well as consideration of a claimant's ability to perform daily tasks. *See Hancock*, 667 F.3d at 475–76 (affirming the Commissioner's determination that the claimant did not have the requisite deficits in adaptive functioning where the claimant had worked as a battery assembler and a drop clipper; performed tasks such as shopping, paying bills, and making change; took care of three small grandchildren at level acceptable to the State Department of Social Services; did a majority of the household chores, attended school to obtain a GED; and did puzzles for entertainment). The court finds that the well-reasoned and well-written report adequately addresses these arguments. (*See* ECF No. 17 at 52–53). Accordingly, after a careful review of the Report and the record in this case, the court finds no clear error. Thus, Flowers' objection is overruled.

## IV. Conclusion

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of Flowers' impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Flowers' arguments and properly addressed each in turn, finding them without merit. The

---

[1] *See Salmons v. Astrue*, No. 5:10-195, 2012 WL 1884485, at *12 (W.D.N.C. 2012) ("[F]unctional academic skills is the primary measure of deficits of adaptive functioning before age 22."); *Rivers v. Astrue*, No. 8:10-00314, 2011 WL 2581447 (D.S.C. 2011) (noting that claimant was classified as special needs at school, repeated evaluations in elementary school with IQ scores all in the 50s, and dropped out of school in the ninth grade).

5

court finds no basis for disturbing the report. Accordingly, the court adopts the Report and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

    **IT IS SO ORDERED.**


April 13, 2016                                                                                   s/ Timothy M. Cain
Anderson, South Carolina                                        United States District Judge